UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Robert Scott Grimm,                         Case No.: 19-51612
                                               Chapter 7
       Debtor.                              Hon. Mark A. Randon
_____/

Robert Scott Grimm,

       Plaintiff,

v.                                               Adversary Proceeding
                                              Case No.: 19-04446

Seterus, Inc.,

       Defendant.
_____/

**OPINION AND ORDER: (1) DENYING AS FUTILE
PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT;
AND (2) GRANTING DEFENDANT'S
MOTION TO DISMISS ADVERSARY PROCEEDING**

**I.     INTRODUCTION**

Robert Scott Grimm waited five months after the sheriff's auction of his home to file Chapter 7 bankruptcy and an adversary proceeding challenging the foreclosure sale. The bankruptcy filing extended Grimm's six-month redemption period for an additional 60 days, but lacking sufficient funds, the redemption period has since expired.

Seterus, the mortgage holder, moves to dismiss the adversary proceeding; the Court rejected all but two of Grimm's arguments against dismissal from the bench, following oral argument.[1]

Because allowing Grimm to amend his complaint would not change the fact that: (1) he was not entitled to direct notice under Michigan law that the foreclosure sale was adjourned from week to week; and (2) filing of the adversary proceeding does not toll the redemption period, Grimm's motion to amend his complaint is **DENIED AS FUTILE**, and Seterus's motion to dismiss is **GRANTED**.

## II. BACKGROUND

On August 3, 2005, Grimm purchased a single-family home in Macomb, Michigan. At the closing, Grimm, and his now ex-wife, signed a mortgage to secure repayment of a $316,800.00 promissory note.

After falling behind in his mortgage payments, Seterus approved Grimm for a Trial Period Plan to modify his mortgage payment. Grimm was required to make three monthly payments of $2,062.31. The first Trial Period Plan payment was to be received by Seterus no later than September 30, 2018. The remainder of the Trial Period Plan payments, like the first one, were due on the first of the month but had to be *received* no later than October 31, 2018, and November 30, 2018, respectively. Seterus does not dispute that it received Grimm's first two payments on time. But the third payment, sent

---

[1]Grimm is not represented by counsel.

via check dated November 26, 2018, was not received until December 8, 2018. Because he failed to pay as agreed, Seterus sent Grimm a letter indicating he did not qualify for a permanent loan modification. Seterus also returned the check dated November 26, 2018, uncashed, because "[t]he terms of [his] agreement were not met." It then began foreclosure proceedings.

Grimm admits that a notice of the foreclosure and the February 1, 2019, sheriff's sale was posted on the door of his home. However, Grimm argues that the sale was adjourned to March 1, 2019, in violation of Michigan law because he did not receive direct notice of the adjourned sale date. A Sheriff's Deed issued on March 1, 2019, and was recorded on March 8, 2019.

Under Michigan law, the redemption period would have expired on September 1, 2019, but Grimm filed his Chapter 7 bankruptcy before that time elapsed. Therefore, the redemption period was extended 60 days from the petition date–to October 11, 2019. Grimm did not use the extra time to redeem the property. Instead, he filed this adversary proceeding against Seterus and Orlans, P.C. seeking to unwind the foreclosure and "reaffirm his mortgage" with Seterus. Orlans, P.C. was dismissed on January 28, 2020. Seterus's motion to dismiss, and Grimm's motion for leave to amend the complaint are pending.

After a hearing on January 27, 2020, the Court required additional briefing on the issue of whether, under Michigan law, Grimm was entitled to notice of the adjourned sale

date, because the foreclosure sale did not occur when originally scheduled. The Court indicated it would issue a written opinion on that issue and whether Grimm's filing of the adversary proceeding within the statutory redemption period tolled the period or preserved his right to challenge the foreclosure sale. The Court timely received Grimm's brief and Seterus's response.

### III. APPLICABLE LAW AND ANALYSIS

#### A. *Grimm was not Entitled to Direct Notice of the Adjourned Foreclosure Sale Date*

Under Michigan law, additional publication and notice is not required unless the foreclosure sale is adjourned for more than one week at a time:

> [s]uch sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in which name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

MICH. COMP. LAWS § 600.322. Seterus attached the Notices of Adjournment of Mortgage Foreclose Sale to its response brief. The first notice indicates the foreclosure sale was adjourned from February 1, 2019, to February 8, 2019. The second notice indicates the foreclosure sale was adjourned from February 8, 2019, to February 15, 2019. The third notice indicates the foreclosure sale was adjourned from February 15, 2019, to

February 22, 2019. The final notice indicates the foreclosure sale was adjourned from February 22, 2019, to March 1, 2019. All of the notices are signed by a Macomb County Deputy Sheriff, who "ma[d]e oath that the Notice of Adjournment was posted before or at the time of the sale and at the place of the sale." In addition, the Sheriff's Deed indicates that the foreclosure sale was "[a]djourned from February 1, 2019 to March 1, 2019 by posting a notice of adjournment at the place of sale for Macomb County, Michigan."

Because the February 1, 2019, sale date was not adjourned for more than one week at a time, Seterus was not required to republish the notice or provide any additional notice of the adjourned sale date to Grimm.

### B. Grimm's Bankruptcy Filing and Adversary Proceeding do not Toll the Redemption Period

The fact that Grimm filed his bankruptcy petition before the six-month statutory redemption period expired–and his adversary proceeding before the extended redemption period expired–does not toll the redemption period. *See Overton v. Mortg. Elec. Registration Systems*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) ("Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period.). And, "[o]nce the redemption period expired, all of plaintiff's rights in and title to the property were extinguished." *Id.*

Even if the redemption period was tolled, however, Grimm's amended complaint still fails to state a claim. In order to maintain an action, Grimm must "make a clear showing of fraud or irregularity." *Conlin v. Mortg. Elec. Registration Systems, Inc.*, 714

-5-

F.3d 355, 359-60 (6th Cir. 2013). "The misconduct must relate to the foreclosure procedure itself." *El-Seblani v. IndyMac Mortg. Services*, 510 F. App'x 425, 429 (6th Cir. 2013). Grimm's only challenge to the foreclosure procedure was the failure to provide direct notice of the adjourned sale date, which the Court concluded was not a violation of Michigan law.

### IV. CONCLUSION

Because there was no fraud or irregularity in the foreclosure procedure, and Grimm's bankruptcy filing and adversary proceeding does not toll the redemption period, Grimm's motion to amend the complaint is **DENIED AS FUTILE**, and Seterus's motion to dismiss is **GRANTED**.

    **IT IS ORDERED**.

**Signed on March 3, 2020**



/s/ Mark A. Randon
_____
**Mark A. Randon**
**United States Bankruptcy Judge**